UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMION G.V. DAVIS,<br>           Petitioner<br><br>v.<br><br>MERRICK B. GARLAND, *et al.*,<br>           Respondents | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 4:24-CV-421<br><br><br>(ARBUCKLE, M.J.) |

**MEMORANDUM**

I.  **BACKGROUND**

On March 12, 2024, Damion G.V. Davis ("Petitioner") lodged a habeas petition under 28 U.S.C. § 2241 seeking release from continued detention. (Doc. 1). In his petition, Petitioner alleges that he is a native citizen of Jamaica and was ordered removed from the country in 2020. (Doc. 1, ¶ 3). He is currently detained in the Buffalo Federal Detention Facility, identifies his custodian as Jeffery Searls, and alleges that his request for review of the BIA's decision is currently pending before the Third Circuit Court of Appeals. (Doc. 1, ¶ 13).[1]

For the reasons set forth below, this case will be transferred to the United States District Court for the Western District of New York.

---

[1] This petition was signed on March 5, 2024. It appears that a non-precedential decision and judgment denying the petition in part and dismissing the petition in part was issued by the Third Circuit on February 29, 2024. *See* Opinion and Judgment, *Davis v. Attorney General*, No. 21-2235 (3d Cir. Feb. 29, 2024), ECF Nos. 98, 99.

Page 1 of 4

II.  **DISCUSSION**

Section 2241(a) of Title 28 of the United States Code provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." In *Rumsfeld v. Padilla*, the United States Supreme Court observed that the phrase "within their respective jurisdictions" means that a writ of habeas corpus acts not upon the prisoner, but on the prisoner's custodian, and that only those courts within the "district of confinement" may issue the writ.[2] Thus, "[i]t is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action"[3] and a § 2241 petition challenging present physical confinement must be presented to "the district court in the United States District where the petitioner is incarcerated."[4]

Petitioner has lodged a habeas petition challenging the fact of his physical confinement and is confined in the Buffalo Federal Detention Facility, located in Batavia, New York. This facility is in Genesee County, New York, which is located within the territorial boundaries of the United States District Court for the Western

---

[2] *Rumsfeld v. Padilla*, 542 U.S. 426, 442-44 (2004).
[3] *Aaron v. Mayorkas*, No. 3:23-CV-1739, 2023 WL 8440317, at *2 (M.D. Pa. Nov. 8, 2023)
[4] *Id.*

District of New York.[5] As such, the proper venue for this action is the Western District of New York, where both Petitioner and his custodian are currently located.

A court may transfer a civil action for the convenience of the parties and must dismiss or transfer a case filed in the wrong venue.[6] A case may also be transferred when a district court lacks jurisdiction.[7] We find that this action was filed in the wrong venue. Petitioner is a pro se litigant, therefore we find that it is in the interests of justice to transfer this case to the United States District Court for the Western District of New York for further proceedings.[8] Such a transfer avoids any prejudice to Petitioner which might flow from a dismissal of this action on venue grounds.

---

[5] 28 U.S.C. § 112(d).

[6] 28 U.S.C. § 1404 ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Aaron*, 2023 WL 8440317, at *1 n. 1 (observing that habeas proceedings are generally considered civil in nature and that the term "civil action" includes habeas petitions).

[7] 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.").

[8] The decision to transfer a case under 28 U.S.C. § 1406(a) is typically viewed as a non-dispositive matter which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). *See Jeri v. Finley*, No. 1:19-CV-1805, 2019 WL 5721885, at *3 (M.D. Pa. Nov. 5, 2019); *see also Vonville v. Haidle*, No. 24-312, 2024 WL 1076672 (W.D. Pa. Mar. 12, 2024) (memorandum order by a magistrate judge

## III.   CONCLUSION

Accordingly, this Court will *sua sponte* transfer this action to the United States District Court for the Western District of New York. An appropriate order will be issued separately.

Date: March 14, 2024                           BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

---

transferring a petition challenging the validity of a conviction from the Western District of Pennsylvania to the Middle District of Pennsylvania).